# SOUTHERN PACIFIC RAILROAD COMPANY *v.* CALIFORNIA.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 560. Argued January 15, 16, 1896.—Decided March 16, 1896.

*Central Pacific Railroad Company* v. *California, ante* 91, affirmed and followed.

The case is stated in the opinion.

*Mr. J. Hubley Ashton,* (with whom was *Mr. Charles H. Tweed* on the brief,) for plaintiff in error.

*Mr. J. P. Langhorne* and *Mr. J. H. Miller,* (with whom was *Mr. W. F. Fitzgerald,* Attorney General of the State of California, on the brief,) for defendant in error.

THE CHIEF JUSTICE: This is a writ of error to a judgment of the Supreme Court of the State of California affirming the judgment of the Superior Court of the city and county of San Francisco, and affirming an order of the Superior Court denying a new trial, in an action brought in the name of the people of the State of California against the Southern Pacific Railroad Company, under section 3670 of the Political Code of California, for the recovery of moneys alleged to be due as taxes to the State, and the thirteen counties of the State in which the Southern Pacific Railroad is operated, under an assessment made by the state Board of Equalization, for the purpose of state and county taxation for the fiscal year 1887. The Congressional and state legislation calls for no special remark as contradistinguished from that in respect of the Central Pacific company. 14 Stat. 292, act of July 27, 1866, c. 278; 16 Stat. 573, act of March 3, 1871, c. 122; 17 Stat. 59, act of May 2, 1872, c. 132; act of California, April 4, 1870, Cal. Stat. 1869–'70, 883, c. 579; *Santa Clara County* v. *Southern Pacific Railroad,* 118 U. S. 394, 399. The record is sub-

stantially a duplicate, *mutatis mutandis,* of the record of the
case in *The Central Pacific Railroad Company* v. *The People
of the State of California,* and the Supreme Court of Califor-
nia on appeal decided this case on the authority of its decision
in that. *People* v. *Southern Pacific Railroad,* 105 California,
576. We have just affirmed that judgment of the Supreme
Court of California, and this must take the same course.

*Judgment affirmed.*

MR. JUSTICE WHITE concurred in the result.

MR. JUSTICE FIELD dissenting.

I am unable to concur with my associates in their opinion
or judgment in this case also, for the reason, as in the case of
the *Central Pacific Railroad Company* v. *The People of the
State of California,* that the judgment recovered against the
Southern Pacific Railroad Company is based upon a pre-
tended valuation of that road, in which valuation an assumed
franchise granted to the company by the State of California
is included.

It is conceded that until April 4, 1870, the Southern Pacific
Railroad Company of the State exercised and enjoyed what
are termed the franchises of its corporation, that is, the rights,
powers, privileges and immunities conferred upon it by state
authority, and also various powers, duties, privileges and
immunities conferred upon it by the general government, and
which are termed its Federal franchises. But on that date,
the 4th of April, 1870, the legislature of California abrogated
the state franchises of that corporation, and substituted by
adoption in their place the Federal franchises which have
remained in force ever since.

The provisions of the act of Congress of July 27, 1866, c.
278, 14 Stat. 292, and the subsequent amendments thereto,
state with entire distinctness the rights, powers, duties, privi-
leges and immunities of the Southern Pacific Railroad Com-
pany. I recite the most essential features :

Section one authorized the Atlantic and Pacific Railroad
Company to construct its road, vesting it with all powers

necessary for that purpose, 14 Stat. 293; and section three made grants of land to the company "to secure the safe and speedy transportation of the mails, troops, munitions of war and public stores" over the route of its line of railway and branches. 14 Stat. 294. This was a plain exercise of the power "to establish post roads," and of the implied power to construct military roads.

Section eighteen of the same act authorized the Southern Pacific Railroad to connect with the Atlantic and Pacific Railroad, made to it similar grants of land, and made it subject to all the conditions and limitations provided in the act for the latter road. 14 Stat. 299.

The Southern Pacific Railroad Company was thus made the agent of the Federal government in its exercise of the constitutional power to establish post and military roads.

If the consent of the State was necessary to the complete substitution of the Federal franchises thus granted for any then existing state franchises for the construction of the road, it will be found in the act of the legislature of the State of California of April 4, 1870, which, after referring to the grants made and the rights, privileges, powers and authority vested in and conferred upon the Southern Pacific Railroad Company, provided that "to enable the said company to more fully and completely comply with and perform the requirements, provisions and conditions of the said act of Congress and all other acts of Congress now in force or which may hereafter be enacted, the State of California hereby assents to said act . . . and the right, power and privilege is hereby granted to, conferred upon and vested in them, to construct, maintain and operate, by steam or other power, the said railroad and telegraph line mentioned in said acts of Congress, *hereby confirming* to and vesting in the said company, its successors and assigns, all the rights, privileges, *franchises*, power and authority conferred upon and granted to or vested in said company by the said act of Congress and any act of Congress which may be hereafter enacted." Statutes of California, 1869–'70, c. 579, p. 883.

The Federal franchises for the construction of the Southern

Pacific Railroad from the Pacific coast to the eastern boundary line of California as a part of a continuous military and post road across the continent established by Congress could have had no rival in a state franchise for the construction of the same road; but in order that this might never be questioned, the legislature of the State of California obliterated its own franchise when it ratified and confirmed the franchises given by the Federal government to the Southern Pacific Railroad Company.

No assessment could, therefore, be laid upon any merely assumed state valuation, and, consequently, no tax enforced upon its alleged assessment. It follows that the judgment of the Supreme Court of California, affirming the judgment of the Superior Court of the city and county of San Francisco, should be reversed.